IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

An undetermined quantity of boxes of an article of drug, each box containing 12/8-gram jars, labeled in part:

(box and jar)

"*** LYCALL™ COLD SORE OINTMENT Contains 5% LYCALL *** discomfort of COLD SORES *** CALEB LABORATORIES, INC. *** Mpls., MN *** 8 GRAMS (or "grams") ***"

undetermined quantities of articles of drug, raw materials used in the manufacture of Lycall Cold Sore Ointment, which are in any size or type containers, which are opened, and which are labeled in part:

(brown plastic bottle)

"*** STEARYL ALCOHOL N.F. (FLAKE) *** 1 Lb. ***"

(brown plastic bottle)

"*** CETYL ALCOHOL N.F. *** 1 Lb. ***"

(white plastic jar)

"*** White Petrolatum USP Skin Protectant *** NET WT. *** (1 Lb) ***"

(white plastic cylindrical bottle)

"*** CERALAN *** Lanolin Alcohol ***"

(cardboard drum)

"***L-LYSINE MONO/HCL USP *** Net Weight: *** 25 K ***"

(white plastic bottle)

Civil No. 00-CV-929
RHK/JMM

FILED JUN 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

"*** Sodium Citrate Hydrous U.S.P. *** FINE GRANULAR *** NET WT 8 oz ***" )
)
(brown plastic bottle) )
)
"*** PROPYL PARABEN N.F. *** 4 Oz. ***," )
)
Defendant Articles, )
)
and )
)
Caleb Laboratories, Inc., a corporation, )
)
Defendant. )

**CONSENT DECREE OF CONDEMNATION, DESTRUCTION, AND INJUNCTION**

On April 11, 2000, the United States, by and through its attorney, B. Todd Jones, United States Attorney, filed a verified Complaint for Forfeiture against the above-described articles (the "defendant articles") in this Court. The complaint alleges that the defendant articles are drugs within the meaning of the Federal Food, Drug, and Cosmetic Act ("FD&C Act"), 21 U.S.C. § 321(g)(1), that are adulterated while held for sale after shipment of one or more of their components in interstate commerce, within the meaning of the FD&C Act, 21 U.S.C. § 351(a)(2)(B), in that the methods used in, and the facilities and controls used for, their manufacture, processing, packing, and holding do not conform to and are not operated and administered in conformity with current good manufacturing practice ("CGMP") to assure that such drugs meet the safety requirements of the FD&C Act and have the identity and strength,

and meet the quality and purity characteristics, which they purport and are represented to possess.

Pursuant to a Warrant of Arrest in Rem issued by this Court, the United States Marshal for this District seized the defendant articles on April 19, 2000. The United States caused notice of the complaint and seizure to be published in accordance with the applicable rules of this Court. On May 11, 2000, Caleb Laboratories, Inc. ("Defendant Caleb"), the sole Claimant in this action, intervened and filed a claim to the defendant articles. Defendant Caleb seeks delivery of the defendant articles under 21 U.S.C. § 334(d), for the sole purpose of destroying the articles. Defendant Caleb affirms that it is the sole owner of the defendant articles and that no other person has an interest in the seized goods. Further, Defendant Caleb agrees to indemnify and hold plaintiff harmless should any party or parties hereafter file or seek to file a claim to the defendant articles or seek to intervene in this action and defend any part of the articles subject to this Decree. Defendant Caleb now consents that a decree, as prayed for in the complaint, be entered condemning the articles under seizure.

In addition, Defendant Caleb, having appeared, having waived notice and the filing of a complaint for injunction, and having consented to the entry of this Decree without contest and before any testimony has been taken, and the United States having

consented to the entry of this Decree, and the Court being fully advised:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 21 U.S.C. §§ 332 and 334.

2. The defendant articles are drugs, and violate 21 U.S.C. 351(a)(2)(B) as averred in the complaint in that the methods used in and the controls used for, their manufacture and processing do not conform to and are not operated and administered in conformity with CGMP to assure that such drugs meet the requirements of the FD&C Act as to safety and have the identity and strength, and meet the quality and purity characteristics, which they purport and are represented to possess, and are hereby condemned pursuant to 21 U.S.C. § 334(a) and forfeited to the United States.

3. Within 20 days from entry of this Decree, the United States of America shall recover from Defendant Caleb court costs and fees for which Defendant Caleb is liable pursuant to 21 U.S.C. § 334(e).

4. Immediately upon entry of this Decree, Defendant Caleb agrees that it shall discontinue the manufacture, processing, packing, and distribution of LYCALL COLD SORE OINTMENT.

5. Defendant Caleb shall not resume the manufacture, processing, packing, or distribution of LYCALL COLD SORE OINTMENT unless and until:

a) Defendant Caleb selects and retains a person or consulting firm who, by reason of education, background, and experience, is qualified to make inspections of facilities where drugs are manufactured, processed, packed, and held;

b) the person or consulting firm certifies in writing to FDA that Defendant Caleb has corrected all observations listed on the FDA Form 483 issued to Defendant Caleb on January 11, 2000, and that Defendant Caleb is in compliance with the CGMP regulations set forth at 21 C.F.R. Parts 210-211, the FD&C Act, and this Decree;

c) the person or consulting firm reviews the batch production and control records for each batch of LYCALL COLD SORE OINTMENT manufactured by Defendant Caleb since April 19, 2000, and certifies in writing to the FDA, prior to distribution, that the batch was manufactured in compliance with the CGMP requirements set forth at 21 C.F.R. Parts 210-211; and

d) a duly authorized representative(s) of the Department of Health and Human Services ("DHHS representative") inspects Defendant Caleb's facility, equipment, processes, products, records, and controls and notifies Defendant Caleb in writing that its operations appear to be in compliance with the

FD&C Act, the applicable regulations at 21 C.F.R. Parts 210-211, and the terms of this Decree. Defendant Caleb shall compensate the United States for the cost of this inspection at the rates set forth in paragraph 17 below of this Decree.

6. Defendant Caleb and each and all of its officers, agents, representatives, employees, attorneys, heirs, assigns, successors, and any and all persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, and partnerships), are permanently restrained and enjoined from directly or indirectly doing or causing to be done any of the following:

a) Doing any act with respect to a drug while held for sale after shipment of one of its components in interstate commerce that results in the drug being adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B); and

b) Introducing, or delivering for introduction into interstate commerce any drug that is adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B).

7. FDA investigators shall, as they deem necessary and without notice, be permitted to make inspections of Defendant Caleb, including the buildings, pertinent equipment, finished and unfinished products, containers, labels, and all records relating to the methods used in, and the facilities and controls used for, the manufacturing, processing, packing, holding, or distribution

of any drug. FDA shall be permitted to take photographs during such inspections. Such inspections shall be permitted upon presentation of a copy of this Decree and FDA credentials and the giving of written notice specifying that such inspection is in accordance with this Decree. The inspection authority granted by this Decree is apart from, and in addition to, the authority to make inspections under the FD&C Act, 21 U.S.C. § 374.

8. If, based on the result of any inspection, analysis, or other information FDA deems relevant, FDA finds that the defendants are not in compliance with the FD&C Act, 21 C.F.R. Parts 210 or 211, or the requirements of this Consent Decree, FDA may notify the defendants in writing of their failure to comply. Upon receipt of such notice and as and when FDA deems necessary, defendants shall immediately:

a) Recall, at defendant's own expense, any drug found by FDA to violate the CGMP regulations, the FD&C Act or the requirements of this Decree. Such recalls shall be conducted in cooperation with FDA. All costs of any such recalls shall be borne by Defendants.

b) Halt all manufacturing, processing, packing, testing, and distribution of all drugs, unless and until FDA inspects the methods, facilities, and controls used by defendants to manufacture, process, pack, and hold drugs, at defendant's

expense, and FDA provides defendant written authorization to resume their operations.

9. After paying the costs and fees described in paragraph 3 of this Decree, Claimant shall give written notice to the Minneapolis District Office, United States Food and Drug Administration, Department of Health and Human Services, 240 Hennepin Avenue, Minneapolis, Minnesota 55401, that Defendant Caleb, at its own expense, is prepared to destroy the seized articles under the supervision of a DHHS representative.

10. Defendant Caleb shall not commence the destruction of the defendant articles until it has submitted to the DHHS representative a written statement detailing the proposed time, place, and method of destruction, and Defendant Caleb has received written authorization to commence with the destruction from a DHHS representative. The decision of the DHHS representative, regarding the adequacy of the destruction proposal, shall be final.

11. Following Defendant Caleb's payment of costs and fees required by paragraph 3 of this Decree and receipt of the DHHS authorization pursuant to paragraph 10, the United States Marshal for this District, upon receiving notice by the United States Attorney, shall release the defendant articles from his custody to the custody of Defendant Caleb for the sole purpose of destroying the defendant articles.

12. Defendant Caleb shall at all times, until the article have been released by the United States Marshal, retain intact the entire lot of goods comprising the defendant articles for examination or inspection by the DHHS representative, in a place made known to, and approved by, the DHHS representative, and shall maintain the records or other proof necessary to establish the identity of the lot to the satisfaction of the DHHS representative.

13. Defendant Caleb shall within thirty (30) days of receipt of the approval from FDA for the destruction, and at its own expense, destroy the defendant articles. If, pursuant to paragraph 5.c. above, the person or consulting firm will not certify in writing to the FDA that the LYCALL COLD SORE OINTMENT manufactured by Defendant Caleb since April 19, 2000 was manufactured in compliance with the CGMP requirements set forth at 21 C.F.R. Parts 210-211, Defendant Caleb shall within thirty (30) days of receipt of approval from FDA for the destruction, and at its own expense, destroy those articles of drug. Destruction shall be in a manner that complies with the requirements of the National Environmental Policy Act of 1969, and shall be done under the supervision of a DHHS representative at the time and place and by the method authorized by the DHHS representative.

14. Defendant Caleb shall at no time, and under no circumstances whatsoever dispose of any part of the condemned articles until (a) a DHHS representative has had free access to the articles in order to take any samples or make any tests or examinations that are deemed necessary, and (b) the DHHS representative has in writing released the articles.

15. Defendant Caleb shall abide by the decision of the DHHS representative, which decisions shall be final. If Defendant Caleb breaches any conditions stated in this Decree, or in any subsequent decree or order in this proceeding, Defendant Caleb shall return the articles immediately to the United States Marshal for this District at Defendant Caleb's expense, or shall otherwise dispose of them pursuant to an order of this Court.

16. Defendant Caleb shall not dispose of the articles or any part of them in a manner contrary to the provisions of the FD&C Act, or the laws of any State or Territory (as defined in the FD&C Act) in which they are disposed of.

17. Defendant Caleb shall compensate the United States of America for the cost of supervision of the destruction and any FDA inspection conducted under this Decree at the rate of $59.90 per hour per representative for each day actually employed in the supervision of the destruction process or inspection, as salary or wage; where laboratory work is necessary, at the rate of $71.79 per hour per person for such laboratory work. Defendant

Caleb shall also compensate the United State of America for necessary traveling expenses at the rate of 32.5 cents per mile and for any other necessary expenses which may be incurred in connection with the supervisory responsibilities of DHHS.

18. If Defendant Caleb does not avail itself of the opportunity to repossess the condemned articles in the manner stated, the United States Marshal for this District shall retain custody of the condemned articles, pending an order by this Court regarding their disposition.

19. If Defendant Caleb fails to abide by or perform any of the terms or conditions of this Decree, or such further order or decree as may be entered in this proceeding, and is found in civil or criminal contempt thereof, Defendant Caleb shall, in addition to other remedies, reimburse the United States for its attorneys' fees, all such investigational expenses, and court costs relating to such violation and contempt proceedings.

20. FDA's decisions under this Decree shall be reviewed, if necessary, by the Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Such review shall be solely based on the record before FDA at the time of its decision. No discovery shall be taken by any party.

21. This Court retains jurisdiction to issue further decrees and orders as may be necessary to the proper disposition of this proceeding.

SO ORDERED:

Dated this 26 day of June, 2000.

JUDGE RICHARD H. KYLE

ELLIS W. ABRAHAMSON
President
Caleb Laboratories, Inc.

STANLEY EFRON, Esq.
Henson & Efron, P.A.
400 Second Avenue South
Suite 1200
Minneapolis, Minnesota
55401
(612)339-2500
Attorney for Caleb
Laboratories, Inc,

TODD JONES
United States Attorney

By: M. Trippler
MARY L. TRIPPLER #110887
Assistant United States Attorney
600 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415
(612) 664-5600

RICHARD N. GOLDBERG
Trial Attorney
Office of Consumer Litigation
Civil Division
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
P.O. Box 386
Washington, D.C. 20044
(202) 307-2532

OF COUNSEL:

MARGARET JANE PORTER
Chief Counsel

CARL I. TURNER
Associate Chief Counsel for
Enforcement
Food and Drug Administration
5600 Fishers Lane
Rockville, Maryland 20857